# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00246-MR-4

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs.   ) | **O R D E R** |
| ) | |
| **TERRELL QUANTE LEDBETTER.** ) | |

**THIS MATTER** is before the Court on the Defendant's motion to compel the Government to file a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b) [Doc. 163].

## I. PROCEDURAL BACKGROUND

The Defendant was charged with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 1]. The Defendant pled guilty to this charge pursuant to a written plea agreement. [Doc. 55]. The Defendant was sentenced on June 27, 2006, to a term of 210 months' imprisonment.[1] [Doc. 98]. The Defendant

---

[1] Prior to sentencing, the Government moved pursuant to U.S.S.G. § 5K1.1 for a downward departure from the guideline range of sentencing based on the Defendant's substantial assistance. [Doc. 94]. The Government recommended a reduction in the recommended guideline range from 262-327 months to 210-262 months. The Defendant was sentenced to a term of 210 months based on the Government's motion.

timely appealed to the Fourth Circuit Court of Appeals, which affirmed the Defendant's conviction and sentence on October 3, 2007. [Doc. 122].

The Defendant now moves the Court to compel the Government to file a motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure on the grounds that the "assistance that [he] fully and truthfully provided to the government [was] deemed to be substantial, and also that it was used by the government." [Doc. 163].

## II. ANALYSIS

The Defendant waived in his plea agreement any right to contest the degree of or recommendation for a downward departure based on substantial assistance. The Defendant's plea agreement with the Government contained the following provision:

> When and if the defendant assists the government[:]
>
> a. The United States, *in its sole discretion,* will determine whether said assistance has been substantial.
>
> b. Upon a determination that the defendant has rendered substantial assistance, the government *may* make a motion pursuant to U.S.S.G. § 5K1.1 for imposition of a sentence below the applicable Sentencing Guidelines. The United States may also, *within its sole discretion,* move the Court pursuant to 18 U.S.C. § 3553(e) to impose a sentence below any applicable statutory mandatory minimum.

> The defendant recognizes that, even if the United States makes a recommendation pursuant to U.S.S.G. § 5K1.1, the Court cannot depart below the statutory minimum unless the United States also includes a specific recommendation pursuant to 18 U.S.C. § 3553(e).
>
> * * *
>
> d. Any determination that the defendant has failed to provide substantial assistance ... *is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination.*

[Plea Agreement, Doc. 55 at 7 ¶ 23 (emphasis added)]. The Defendant does not contend that his waiver was anything other than knowing and intelligent; in fact, the record shows that his plea agreement was entered into voluntarily. See United States v. Harris, 234 F. App'x 57, 58 (4th Cir. 2007) (per curiam); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Because the issue of whether the Government moved for an additional downward departure falls within the scope of the waiver, such issue has been waived and the Court may not address it. See United States v. Wells, 250 F. App'x 550, 552 (4th Cir. 2007) (per curiam).

Even if this issue had not been waived, the Defendant would fare no better. Only the Government may bring a Rule 35 motion for a reduction of sentence based on substantial assistance. Fed. R. Crim. P. 35(b)(1), (2);

3

United States v. Gibbs, 220 F.R.D. 450, 451 (W.D.N.C.) ("The Government, not a defendant or the Court, makes the initial determination as to whether a defendant has provided substantial assistance after sentencing."), aff'd, 71 F. App'x 990 (4th Cir. 2003).

The Court has the authority to review the Government's decision not to file a Rule 35 motion only where a defendant has made a "substantial threshold showing" that the Government's failure to file such motion (1) was in breach of an obligation under the plea agreement or (2) was either based on an unconstitutional motive or was not rationally related to any governmental end. See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

Here, the Defendant has failed to make the required "substantial threshold showing" that there was an enforceable obligation on the part of the Government arising from the plea agreement to seek a downward departure. The Defendant's plea agreement clearly states that there are "no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in the Plea Agreement," [Plea Agreement, Doc. 55 at 10 ¶37], and the Defendant reaffirmed his understanding of this provision at his Rule 11 hearing [see Doc. 63 at 7 ¶ 28 (indicating that Defendant's guilty plea was "voluntary and not the result

of coercion, threats or promises other than those contained in the written plea agreement")]. The Defendant further has failed to make the required threshold showing that the Government's failure to seek a further reduction in the Defendant's sentence was otherwise unconstitutionally motivated. Accordingly, even if the Defendant had not waived this issue, the Defendant's motion must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's motion to compel the Government to file a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b) [Doc. 163] is **DENIED.**

**IT IS SO ORDERED.** Signed: December 3, 2013

Martin Reidinger
United States District Judge