# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00246-MR-4

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TERRELL QUANTE LEDBETTER, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion for Amended Judgment under the First Step Act of 2018 [Doc. 196].

**I.     BACKGROUND**

In December 2005, the Defendant pled guilty to one count of conspiracy to possess with the intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846.  At sentencing in July 2006, the Court found that the offense involved at least 150 grams but less than 500 grams of cocaine base, a quantity that triggered the enhanced penalties of § 841(b)(1)(A).  [See Doc. 166: PSR at ¶¶ 3, 49].  Based on that finding, the Defendant faced a statutory minimum sentence of ten years, a statutory maximum of life, and a minimum of five years of supervised release.

[Id. at ¶¶ 120, 123]. The Court calculated a guidelines range of 262 to 327 months under the career-offender guideline, based on a total offense level (TOL) of 34 and a criminal history category (CHC) of VI. [Id. at ¶¶ 55, 121]. The Court granted the Government motion for a downward departure under U.S.S.G. § 5K1.1 [Doc. 94] and reduced the Defendant's CHC from a VI to a IV, resulting in a revised sentencing range of 210 to 262 months. The Court then imposed a sentence of 210 months along with a three-year term of supervised release. [See Doc. 98: Judgment at 2-3].

The Defendant now moves for relief under the First Step Act of 2018. [Doc. 196]. The Government agrees that the Defendant is eligible for sentencing relief but requests that the Court exercise its discretion to deny the Defendant's motion because of his extensive criminal history and his consistent misconduct while in the Bureau of Prisons. [Doc. 198].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C.

§ 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act."

Moreover, the Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Having determined that the Defendant is eligible for a reduction in his sentence, the next step is to determine the extent to which the sentence *may*, in the Court's discretion, be reduced. This begins with an examination of the Defendant's sentencing calculus "as if . . . the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." 132 Stat. at 5222.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, reduces the Defendant's total offense level from 34 to 31. U.S.S.G. § 4B1.1(b), (c). Based thereon, his Guidelines range is reduced from 262-327 months to 188-235 months. See U.S.S.G. § 5A (sentencing table for offense level 31 and criminal history category VI). This Court previously departed downward the equivalent of two criminal history categories and imposed a sentence of 210 months, the

low end of the modified sentencing range after the departure.[1] Applying that same departure now, the sentencing range two CHC levels below the now-lowered Guidelines range under the First Step Act (TOL 31/CHC IV) would yield a modified sentencing range of 151 to 188 months.[2]

The Defendant argues that the appropriate sentence is a matter of mathematical calculation, employing the formula set out in U.S.S.G. §1B1.10. That provision, however, pertains to reductions based on retroactive amendments to the Guidelines. It provides only limited guidance in the present situation. The First Step Act calls for the Court to analyze, apart from any such formula, how the Defendant would have been sentenced if the statutory parameters of the Fair Sentencing Act of 2010 had then been in place. In addition, it calls upon the Court to examine the whole record so as to exercise its discretion regarding an appropriate sentence. This process is something between a plenary resentencing and a mechanical application

---

[1] The Government's motion for a downward departure was expressed in an unorthodox manner of departing by two criminal history categories rather than two offense levels. [Doc. 94 at 3]. The effect upon the Guidelines range, however, would have been identical. Either way the revised sentencing range would be 188 to 235 months.

[2] It remains an open question as to whether the Defendant may have his sentence reduced proportionately based on a percentage reduction below the low end of the Guidelines range per U.S.S.G. §1B1.10(b)(2)(B) cmt. n.3, or reduced proportionately by reference to a revised computation of a sentencing range two CHC levels below the Defendant's revised Guidelines range per Section 404(b) of the First Step Act. In this instance, there is no material difference between these two calculations. Therefore, the Court need not address this issue further.

such as §1B1.10. For this reason, the Court needs to take into account the breadth of the offense conduct. This is particularly true in a case such as this where the Defendant has joined in a recommendation to the Court concerning his responsibility for a range of drug quantities that now straddles the line between the penalties called for in §§ 841(b)(1)(A) and (b)(1)(B). While the *statutory* sentencing range may be dictated by the low end of the Defendant's admission per Apprendi[3] and Alleyne,[4] the potential sentence within that statutory range remains dependent upon the Court's determination regarding the drug quantities for which the Defendant was responsible. In examining the detailed offense conduct as set forth in the PSR, the Court is persuaded that had the Fair Sentencing Act of 2010 been in effect at the time of sentencing, the Defendant herein would have been held responsible for a drug quantity toward the lower end of the 150-500 gram range to which he admitted. Thus, the Court need not examine whether the Defendant would likely have been prosecuted under the revised § 841(b)(1)(A).

---

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[4] Alleyne v. United States, 570 U.S. 99 (2013).

Therefore, the Court concludes that the Defendant would likely have been sentenced at the low end of the modified sentencing range, as calculated above, of 151 months. The Defendant has a total of 173 months credited time[5] [Doc. 193: Supp. PSR at 3], which would make him eligible for immediate release.

Although the Defendant is eligible for a sentence reduction, the First Step Act makes clear that the decision of whether to reduce a sentence, and the extent of any such reduction, remains a matter within the Court's discretion. See Pub. L. No. 115-391, §§ 404(a)-(b), 132 Stat. 5194, 5222. In exercising that discretion, the Court may consider such factors as the Defendant's criminal history and the Defendant's disciplinary record while in the Bureau of Prisons. See United States v. Dixon, No. 0:09-207-03 (CMC), 2019 WL 2206326, at *4 (D.S.C. May 22, 2019) (denying request for imposition of time served sentence and instead imposing reduced sentence of 180 months in light of defendant's criminal history and seriousness of disciplinary infractions); United States v. Jones, No. 3:00cr230, 2019 WL 2171100, at *2 n.5 (E.D. Va. May 8, 2019) ("the Fourth Circuit has recently made clear that in analogous § 3582(c)(2) proceedings district courts must adequately consider evidence of rehabilitation and other post-conviction

---

[5] This was as of the date of the Supplemental PSR, February 28, 2019.

mitigating conduct") (citing United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019)). The Government urges the Court to exercise that discretion here to deny the Defendant's motion for a reduced sentence.[6] [Doc. 198].

The Defendant has an extensive criminal history. When the Court originally sentenced him, the Defendant already had accumulated 26 criminal history points, twice the number sufficient to place his criminal history in CHC VI. [See Doc. 166: PSR at ¶ 92]. However, at sentencing, the Government undertook to recognize the Defendant's cooperation by moving for a departure in his criminal history category from level VI to level IV. In doing so, the Government sought to discount at least 17 criminal history points the Defendant had accumulated. This indicates that the Government did not view the Defendant's criminal history as being as serious as the numbers would indicate. The Supplemental Presentence Report

---

[6] The Defendant contends that the Government's opposition to his motion for a reduced sentence is in breach of the Government's prior promise in the Plea Agreement to seek a downward departure from the advisory Sentencing Guidelines range under U.S.S.G. § 5K1.1. [Doc. 196 at 9]. The Defendant's argument is without merit for two reasons. First, the Government never promised to seek a downward departure based on the Defendant's substantial assistance; rather, the Government agreed that it *may* seek a downward departure if the Defendant cooperated and the Government determined that his assistance was substantial. [See Doc. 55: Plea Agmt. at 7]. Second, even if the Government had made a promise to seek a reduction in sentence based upon his substantial assistance, the Government did exactly that at sentencing. Nowhere in the parties' Plea Agreement did the Government agree that it would not oppose a discretionary sentence reduction sought more than 13 years after the Defendant was initially sentenced. In fact, the Government's Motion expressly states: "This recommendation is the lowest recommendation for reduction by the Government." [Doc. 94 at 3].

indicates, however, that the Defendant has incurred more than 30 disciplinary infractions during his 11 years in BOP custody, including multiple instances of engaging in sexual acts, fighting, possessing drugs or alcohol, possessing a dangerous weapon, disruptive conduct, interfering with staff, and destroying property. [See Doc. 193: Supp. PSR at 3]. Given the seriousness of his disciplinary infractions while in BOP, the Court determines in the exercise of its discretion that the Defendant's immediate release would not afford an adequate deterrence to criminal conduct, would not adequately protect the public from further crimes, and would not allow for adequate preparation of the Defendant for his release. Accordingly, based on the entire record of the case, the Court in its discretion reduces the Defendant's sentence to a term of 182 months.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Amended Judgment under the First Step Act of 2018 [Doc. 196] is **GRANTED IN PART**, and the Defendant's sentence is hereby reduced to a term of 182 months' imprisonment. All other terms and conditions of the Defendant's Judgment [Doc. 98] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 12, 2019

Martin Reidinger
United States District Judge